CARROLL, CHAS., Judge
(dissenting).
I respectfully dissent, and would reverse the amended final decree. The suit was to abate a public nuisance, under §§ 64.11-64.16, Fla.Stat., F.S.A. When justified by the proofs, the court could enjoin the maintenance of a nuisance or enjoin the operation and maintenance of the premises on which the nuisance is conducted. See §§ 64.12, 64.14, 64.15, 823.05 Fla.Stat., F.S.A. In the final decree which was entered in October of 1960, the court elected not to “abate” the “place,” but to “enjoin” the “persons.”
The injunction ran against the operating corporation and its officers, agents, and employees. On February 18 and again on *42 February 21, 1961, violations of the injunction by certain “B-girls” occurred in the presence of undercover agents of the State Beverage Department who participated therein. A petition for rule to show cause charged the appellant corporation with permitting or negligently permitting the violations by the B-girls, and a rule to show cause was issued against the appellant corporation and its officers to show cause why they should not be held in contempt. At the same time a motion was filed to change the relief from enjoining the persons from maintaining a nuisance to a decree enjoining the operation of the premises, that is, to order the termination of all business conducted thereon by the appellant. That different decree was requested on the' unsubstantial ground that repeated contempt proceedings would place a burden on the court. On the hearing, the rule to show cause was not sustained, as the court found that the respondents had not wilfully or intentionally violated the injunction, and the B-girls who had violated the injunction were not cited in the rule to show cause. There was no adjudication of contempt. 'Acting on the motion to “amend” the decree, the chancellor changed the relief from the injunction originally granted to the altexmative of closing the appellant’s business. In doing so it appears the chancellor was in error. First, because the evidence does not support a finding on which the court proceeded, that the appellant negligently permitted the violations which were observed on February 18 and 21. The evidence was that steps had been taken to prevent such happenings. Circumstantial evidence necessarily relied on appeared inconclusive and insufficient. No useful purpose would be served by discussing the evidence. Second, when the October final decree did not close the business but used the alternative relief provided for in the statute of enjoining the persons from maintaining a nuisance thereon, the court was not in position to change the form of relief. A new suit to abate the nuisance by enjoining the place and ending the business could have been but was not brought under Chapter 64, Fla.Stat., F.S.A. The right conferred by the statute (§ 64.15) to make orders necessary to enforce its decree has reference to the decree which was made, that is, the injunction of the October decree could be enforced. But the court could not properly, on a motion based on the injunction violations for which it had issued a rule to show cause, make a new decree granting materially different relief from that awarded in the original final decree.